IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

BELL REAL ESTATE, INC.,                          Civ. No. 6:22-cv-01220-AA

                    Plaintiff,                   **OPINION & ORDER**

          v.

DANA M. SENGER; VITTORIO
E. DIAZ; ALL OTHER OCCUPANTS,

                    Defendants.
_____

AIKEN, District Judge.

          This case comes before the Court on Plaintiff Bell Real Estate, Inc.'s Motion to
Remand.   ECF No. 8.   As preliminary matter, the Court grants Defendants'
Application to Proceed IFP.   ECF No. 2.   However, for the reasons set forth below,
Plaintiff's Motion to Remand is GRANTED and this case is REMANDED to the Lane
County Circuit Court.   Defendants' Motion for Appointment of Pro Bono Counsel,
ECF No. 3, is DENIED as MOOT.

## BACKGROUND

          Defendants are tenants in a property owned by Plaintiff.   On August 8, 2022,
Plaintiff filed a residential eviction complaint against Defendants in Lane County
Circuit Court.   Pl. Ex. 1, at 1.   ECF No. 8-1.   Plaintiff sought possession of the rental

property on a 24-hour notice "for personal injury, substantial damage, extremely outrageous act, or unlawful occupant." *Id.*

On August 17, 2022, Defendants filed an answer in Lane County Circuit Court asserting defenses of "disability civil right violated[;] exploiting Fair Housing Act[;] unlawful & fraudulent unfair bussiness [sic] practice violated." Pl. Ex. 3, at 1. Defendants asserted that Plaintiff "has violated the Americans Disability act causes of action retaliatory ever since we won the first eviction he even pushed my disabled wife to the ground." *Id.* at 2.

On August 19, 2022, Defendants removed the case to this Court and filed an application to proceed *in forma pauperis* and a motion for appointment of pro bono counsel. ECF Nos. 1, 2, 3. Plaintiff now moves to remand to Oregon state court. ECF No. 8.

## LEGAL STANDARD

District courts have original jurisdiction over all civil actions "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. There are two avenues by which a case might arise under federal law. *Gunn v. Minton*, 568 U.S. 251, 257 (2013). First, and most commonly, a case can arise under federal law "when federal law creates the cause of action asserted." *Id.* Second, and less frequently, a case may rise under federal law pursuant to the four-part test laid out

in *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308 (2005).[1] *Id.* (citing *Grable*, 545 U.S. at 313-314).

A state-law claim presents a justiciable federal question only if it satisfies both the well-leased complaint rule and passes the four-part *Grable* test. *Cal. Shock Trauma Air Rescue v. State Compensation Ins. Fund*, 636 F.3d 538, 542 (9th Cir. 2011). The well-pleaded complaint rule requires the federal issue to appear on the facer of the complaint. *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 398-99 (1987). The presence of a federal question in a defensive argument does not overcome the paramount policies embodied in the well-pleaded complaint rule—that the plaintiff is the master of the complaint, that a federal question must appear on the face of the complaint, and that the plaintiff may, by omitting claims based on federal law, avoid federal jurisdiction by exclusive reliance on state law. *Id.* ("But a *defendant* cannot, merely by injecting a federal question into an action that asserts what is plainly a state-law claim, transform the action into one arising under federal law, thereby selecting the forum in which the claim shall be litigated." (emphasis in original)).

There is a strict presumption against removal, and the party seeking removal bears the burden of establishing that jurisdiction is proper. *Provincial Gov't of Marinduque v. Placer Dome, Inc.*, 582 F.3d 1083, 1087 (9th Cir. 2009).

---

[1] Under the *Grable* test, a case arises under federal law when a state-law claim contains a federal issue that is (1) necessarily raised; (2) actually disputed; (3) substantial; and (4) capable of resolution in federal court without disrupting the federal-state balance. *Grable*, 545 U.S. at 313-14.

## DISCUSSION

Defendants removed this action based on an assertion of federal question jurisdiction, which is permitted under 28 U.S.C. § 1441(a). Defendants assert that this case encompasses violations of the Americans With Disabilities Act ("ADA"), the Fair Housing Act ("FHA"), and unfair business practices.

Plaintiff seeks to remand this case pursuant to 28 U.S.C. § 1447, arguing that this Court lacks the federal question jurisdiction asserted by Defendants. Plaintiff has also requested an award of attorney fees pursuant to 28 U.S.C. § 1447(c).

The original action in this case is one for eviction and the recovery of possession of real property under ORS 105.005. No federal question is presented in the complaint. Although Defendants raised the ADA and FHA in their answer, they may not insert a federal question in a defensive argument to establish federal question jurisdiction. *Caterpillar*, 482 U.S. at 398-99 (1987). In the absence of a federal question or any other basis for federal jurisdiction, this Court lacks jurisdiction to hear this matter and removal was improper. This case must be remanded to state court pursuant to 28 U.S.C. § 1447(c).

Plaintiff further requests that the Court order Defendants to pay its reasonable attorney fees associated with filing the Motion to Remand. Under 28 U.S.C. § 1447(c), an order remanding a case "may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). Absent unusual circumstances, courts may award attorney fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for

seeking removal. *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). Ultimately, however, an award of attorney's fees under § 1447(c) is within the discretion of the district court and bad faith need not be demonstrated. *Moore v. Permanente Med. Group, Inc.*, 981 F.2d 443, 447 (9th Cir. 1992).

Here, the Court cannot find a reasonable objective basis for Defendants to seek removal of this case. However, the Court does not find that Defendants, who are representing themselves as *pro se* litigants, acted in bad faith. The Court exercises its discretion to deny an award of attorney fees.

## CONCLUSION

For the reasons set forth above, the Court GRANTS Defendants' Application to Proceed IFP, ECF No. 2 and GRANTS Plaintiff's Motion to Remand, ECF No. 8. Plaintiff's request for attorney fees is DENIED. As this Court lacks jurisdiction to hear this case, Defendants' Motion for Appointment of Pro Bono Counsel, ECF No. 3, is DENIED as MOOT.

This case is REMANDED to the Lane County Circuit Court and a judgment shall be entered to close this federal court case.

It is so ORDERED and DATED this _____30th_____ day of January 2023.

 /s/Ann Aiken
ANN AIKEN
United States District Judge